# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SAETHONG, | CASE NO. 1:08-cv-01126-AWI-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| JAMES A. YATES, et al., | (Doc. 11) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Re: Defendants' Motion to Dismiss**

Plaintiff Andrew Saethong is a state prisoner, proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983 and state law. Defendants removed Plaintiff's suit from state court to this Court on August 4, 2008. Before the Court is Defendants' April 8, 2009, motion to dismiss the case for Plaintiff's failure to exhaust available administrative remedies prior to bringing this action. After a thorough review of Defendants' motion, Plaintiff's opposition, Defendants' reply, Plaintiff's rebuttal, and all supporting documents, this Court recommends that Defendants' motion to dismiss Plaintiff's federal claims be granted. The Court further recommends that Plaintiff's state claims be remanded to state court.

**I.     Summary of Allegations**

In a complaint filed in California state court on December 4, 2007, Plaintiff, an inmate at Pleasant Valley State Prison ("PVSP"), alleged an Eighth Amendment claim for deliberate indifference to his serious medical needs, charging that Defendants James Yates, the PVSP

1

warden, and F. Igbinosa, PVSP's chief medical officer, failed to transfer Plaintiff to another prison after he contracted Valley Fever.  As a result, asserts Plaintiff, medical professionals prescribed Diflucan (Fluconazole) for longer than the recommended ninety-day period, weakening Plaintiff's immune system and causing pneumonia.

Plaintiff also alleged that although Defendants were aware that Valley Fever is endemic to PVSP and that Blacks and Filipinos have a greater risk of contracting Valley Fever, Defendants failed to warn Plaintiff of hazardous conditions, as they are required to do by Cal. Civ. Code § 846 and Cal. Gov't Code § 830.

## II.     Defendants' Motion

### A.     Defendants' Contentions

Defendants contend that Plaintiff has failed to exhaust his administrative remedies with regard to both his federal claims under the Eighth Amendment and his state negligence claims. By failing to pursue remaining remedies after his grievance was partially granted, say Defendants, Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 (42 U.S.C. § 1997e(a)) ("PLRA").   Because it was initiated after Plaintiff filed this suit, Plaintiff's attempt to secure a transfer by means of a Reasonable Modification or Accommodation Request under the Americans With Disabilities Act does not constitute exhaustion either.  Finally, Defendants allege that Plaintiff cannot maintain a state negligence action since he failed to supplement and resubmit his Notice of Tort Claim after the Victim Compensation and Government Claims Board rejected it as incomplete.

### B.     Plaintiff's Opposition

Plaintiff concedes that he did not pursue his grievances to the director's level.  Relying on Gomez v. Winslow, 177 F.Supp.2d 977, 985 (N.D.Cal. 2001), Plaintiff maintains that because his grievance was granted at the informal level, his claims were exhausted, and he did not need to pursue his administrative grievance further.  Similarly, because his Reasonable Modification or Accommodation Request (Form 1824) was denied, Plaintiff asserts that claim is also exhausted. Finally, Plaintiff contends that, because he filed notice of his California tort claim but received no response, his state claims must be treated as exhausted under the law.

### III.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a inmate confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). All inmates are required to exhaust available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Exhaustion is required regardless of the relief sought by the inmate and regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001). Futility or other exceptions are not part of the statute. Id. at 741 n. 6. An untimely or otherwise procedurally defective administrative grievance or appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).

"[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones, *supra*, 549 U.S. at 216. The exhaustion requirement is not jurisdictional but may be raised by a defendant as an affirmative defense in a Rule 12(b) motion. Ibid. *See also* Wyatt v. Terhune, 315 F.3d 1108, 1117-19 nn. 9 and 13 (9th Cir.), *cert. denied sub nom*, Alameida v. Wyatt, 540 U.S. 810 (2003). The defendant has the burden of raising and proving failure to exhaust. Jones, *supra*, 549 U.S. at 216; Wyatt, *supra*, 315 F.3d at 1119.

"In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court may consider information set forth on documents attached to the complaint as well as other documents of public record, including all papers filed with the Court. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir.,) *cert. denied*, 484 U.S. 944 (1987); Mack v. South Bay Beer Dist., 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds*, Astoria Fed. Savings & Loan Ass'n v. Solimino, 501 U.S. 104 (1991).

1    The court should determine whether a reasonable investigation of the inmate's
2 administrative claim would have revealed the allegations made in the civil rights complaint.
3 Gomez, *supra*, 177 F. Supp.2d at 983.  *See also* Irwin v. Zamora, 161 F.Supp.2d 1125, 1134-35
4 (S.D.Cal. 2001); Sulton v. Wright, 265 F.Supp.2d 292, 298 (S.D.N.Y. 2003), *abrogated on other*
5 *grounds*, Scott v. Gardner, 287 F.Supp.2d 477 (S.D.N.Y. 2003); Torrance v. Pelkey, 164
6 F.Supp.2d 264, 278-79 (D.Conn. 2001).  If the district court concludes that the inmate has not
7 exhausted administrative remedies for a claim, "the proper remedy is dismissal of the claim
8 without prejudice." Wyatt, *supra*, 315 F.3d at 1120.  *See also* Lira v. Herrera, 427 F.3d 1164,
9 1170 (9th Cir. 2005), *cert. denied*, 549 U.S. 1204 (2007).

10 **IV.    Exhaustion Process**

11    To satisfy § 1997e(a), an inmate must exhaust the grievance procedures established by the
12 prison in which he is housed.  Jones, *supra*, 549 U.S. at 218.  California state inmates are
13 required to use the available process to exhaust their claims prior to filing suit.  Ngo, 548 U.S. at
14 85; McKinney, *supra*, 311 F.3d at 1199-1201.  Under California law, inmates may appeal "any
15 departmental decision, action, condition, or policy which they can demonstrate as having an
16 adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  The regulations do not
17 dictate the contents of a grievance.  Cal. Code Regs. tit. 15, § 3084.2.  Most appeals proceed
18 through an initial informal review, followed by three formal levels of review.  Cal. Code Regs.
19 tit. 15, § 3084.5.  Generally, the inmate's administrative remedy will be complete at the third
20 (director's) level, when no further administrative appeals are available.  Cal. Code Regs. tit. 15,
21 §§ 3084.1(a) and 3084.5(e)(2).  Accordingly, a California inmate must initiate an appeal at the
22 appropriate level and proceed to the highest level of appeal available before filing suit.  Butler v.
23 Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir.
24 2002).
25 ///
26 ///
27 ///
28 ///

V.     **Discussion**

    A.     **Did Plaintiff exhaust his administrative remedies prior to bringing his Eighth Amendment claim?**

        1.     **The August 2007 Informal Grievance**

In an unnumbered administrative action filed August 26, 2007, Plaintiff sought alternative treatment for Valley Fever, noting that, although he was receiving diflucan, "I don't feel better" (*see* exhibit to Plaintiff's complaint).[1] As relief, Plaintiff requested "to be cured or somewhat relieve[d] of this disease." The action did not request transfer to another prison. On October 12, 2007, at the informal (initial) level of review, Plaintiff's appeal was partially granted.[2] Prison staff noted that Plaintiff's concerns about diflucan should already have been addressed when he saw the doctor on August 28, 2007. The order directed Plaintiff to file a medical request (Form 7362) if he had further concerns. Plaintiff did not do so.

Because his August 2007 action was partially granted, Plaintiff argues that the administrative process was exhausted. But neither the grievance nor the partial grant of relief included, or even mentioned, the transfer from PVSP that is the subject of this action. Plaintiff did not appeal the matter further, seeking a transfer. Indeed, "transfer" does not appear in the record before Plaintiff filed his complaint. Nonetheless, Plaintiff argues that the partial grant of his grievance, which was nothing more than an acknowledgment that Plaintiff had received medical attention since his grievance was filed, was sufficient to exhaust his administrative remedies and allow him to pursue monetary relief in court.

District courts have rarely allowed inmates to pursue appeals that they had not already presented at all four levels of administrative review. Requiring inmates to exhaust administrative remedies deters frivolous actions and creates an administrative record that allows courts to

---

[1] Plaintiff filed an additional appeal dated September 23, 2007 (Tracking Number IA-27-2007-04145), contending that his earlier appeal that had not been acknowledged. This appeal was rejected as a duplicate of the appeal dated August 26, 2007.

[2] As was the case in Gomez, *supra*, 177 F.Supp.2d at 980 n. 1, this Court is unable to determine why the remedy is described as "partial." The record indicates that Plaintiff's grievance was motivated by the failure of his prescribed medication to alleviate the symptoms of Valley Fever and that Plaintiff's concerns had been resolved in the course of an intervening medical consultation. Although the decision indicates further action that is available should Plaintiff have further concerns, it does not contemplate that any existing concern has been left unaddressed.

5

evaluate the inmate's claims. Gomez, *supra*, 177 F.Supp.2d at 982. More importantly, it allows prison officials to address an inmate's complaint by providing them with notice of the inmate's grievance. Ibid. The exhaustion requirement can "reliev[e] courts of the burden of lawsuits filed before prison officials have had an opportunity to resolve prison grievances on their own." Jackson v. District of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001).

The Supreme Court has described two main purposes of exhaustion: supporting administrative agency authority and promoting efficiency. Ngo, *supra*, 548 U.S. at 89. Exhaustion promotes administrative agency authority by promoting the respect of the agency's procedures and allowing the agency to correct its own errors before it is summoned to court. Ibid. Exhaustion promotes efficiency since claims can be resolved quickly and economically in administrative procedures, either through settlement or by convincing the losing party not to litigate the matter further. Ibid. In addition, the creation of a record at the administrative level may assist in later judicial proceedings. Ibid.

When, as here, an administrative petition does not disclose an inmate's unspoken objective, prison officials are unlikely to guess the objective and resolve or even address it. Because Plaintiff did not specify his desire for a transfer in his written grievance and did not take further action seeking a transfer or any other relief after the partial grant of his petition, Plaintiff frustrated the PLRA's objective of disclosure and made it impossible for Defendants to Plaintiff's desire to transfer to another prison.

To properly exhaust his claims, an inmate whose claim is denied or who "is otherwise dissatisfied with the result" must continue to pursue his administrative remedies until he has taken his claims to the director's level. Ransom v. Sheehy, 2008 WL 5000140 (S.D. Cal. 2008), *quoting* Ngo, *supra*, 548 U.S. at 85. A prisoner must continue on to further levels of review until he has either received all available remedies or been reliably informed by an administrator that no remedies are available. Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005). *See also* Perkins v. Kernan, 2007 WL 1599890 (E.D.Cal. June 4, 2007), *report and recommendations adopted*, 2008 WL 356961 (E.D.Cal. February 8, 2008)(no exhaustion where, although the plaintiff argued that he had abandoned his administrative appeals short of the director's level because the inmate had

6

been satisfied with the decision and received all relief to which he was entitled, the record revealed that he had continued to express dissatisfaction with the medical care provided for his injured leg); Villegas v. Robinson, 2005 WL 1683934 (E.D. Cal. July 12, 2005), *report and recommendations adopted*, 205 WL 2000998 (E.D.Cal. 2005) (where a partial grant of the plaintiff's appeal at the first two levels did not provide the release from segregation that he had requested, but plaintiff abandoned his administrative claims and did not proceed to the director's level, the plaintiff's claims were not exhausted). Here, although Plaintiff had not received a transfer to another institution and the hearing officer affirmatively directed Plaintiff to appeal further if he had other concerns, Plaintiff took no action.

Citing Gomez, *supra*, 177 F.Supp.2d 977, Plaintiff asserts that an inmate has exhausted the administrative process when he has received all of the requested relief without proceeding through the informal hearing and the three levels of administrative appeal. *See also* Brady v. Attygala, 196 F.Supp.2d 1016 (C.D.Cal. 2002). Like Hazleton v. Alameida, 358 F.Supp.2d 926, 933 (C.D. Cal. 2005), "[t]his case is not on all fours with Gomez." When Gomez's appeal was granted at the second level of review, he had received everything he had asked for in his appeal, and nothing would have been gained by appealing at the director's level. Ibid. *See also* Clement v. California Dep't of Corr., 220 F.Supp.2d 1098, 1107 (N.D.Ca. 2002), *aff'd*, 364 F.3d 1148 (9th Cir. 2004) (holding that the plaintiff exhausted his administrative remedies and was not required to pursue his administrative appeal further when he had received the colonoscopy and special diet that he sought in his grievances before his appeal reached the director's level); Nitz v. Correctional Officer French, 2001 WL 747445 (N.D.Ill. July 2, 2001) (holding that the plaintiff, who sought relief including a transfer from the prison in which he had been assaulted by his cellmate, had exhausted his administrative remedies when he was transferred to another prison while his administrative appeal was pending). In this case. Plaintiff did not receive everything he claims to have sought. That Defendants prevented Plaintiff's transfer to another prison is the very point of this case. Because remedies, possibly including a transfer, remained, Plaintiff was obligated to exhaust the administrative process. Brown, *supra*, 422 F.3d at 935.

///

1    Even if we were to accept that the order's provision that Plaintiff could file a Form 7362
2    for further relief implicitly referred to his pursuing a transfer from PVSP, Plaintiff did not file an
3    additional Form 7362 before bringing the state suit.  Because Plaintiff had not been granted a
4    transfer to another institution at the informal level, Plaintiff was required either to file a new
5    Form 7362 or to appeal his existing grievance through all three formal appeal levels.  Booth,
6    *supra*, 532 U.S. at 739.  *See also* Hazelton, *supra*, 358 F.Supp.2d at 926 (finding that the plaintiff
7    had not exhausted his administrative remedies because he could have obtained other relief had he
8    pursued his appeal to the director's level).  Having done neither, Plaintiff did not exhaust his
9    administrative remedies.

**2.    The ADA Request for Modification or Accommodation**

11    On June 3, 2008, approximately six months after Plaintiff had filed his December 4,
12    2007, suit, he filed a "Reasonable Modification or Accommodation Request" (CDCR Form
13    1824) requesting a transfer because of the weight loss and various pains presumably caused by
14    Valley Fever (Exhibit B to Plaintiff's motion brief).  Appeals Coordinator Herrera returned the
15    form to Plaintiff without acting on it, noting "Non ADA issue[.] Address transfer issue through
16    assigned counselor" (Exhibit B to Plaintiff's motion brief).  Plaintiff did not re-direct his transfer
17    request to his counselor.  Nonetheless, Plaintiff contends that the "decision" on this request was
18    sufficient to exhaust his administrative remedies.

19    Plaintiff's argument that his mere submission of Form 1824 was sufficient to exhaust his
20    administrative remedies lacks merit.  His own exhibit establishes that the ADA request was
21    termed inappropriate and returned to him without having been considered.  The appeals
22    coordinator directed Plaintiff to request an interview with his counselor as the first step of
23    requesting a health-related transfer.  Plaintiff took no further action.

24    More significantly, Plaintiff initiated the ADA request after he had filed this action.
25    "[P]laintiff was required to appeal his grievance to the director's level *before* he filed this
26    lawsuit."  Hernandez v. Duc, 2007 WL 1660866 (E.D.Cal. June 6, 2007), *report and*
27    *recommendations adopted*, 2007 WL 2492149 (E.D.Cal. August 30, 2007)(*emphasis added*).  "A
28    prisoner does not comply with [the exhaustion] requirement by exhausting available remedies

during the course of the litigation." McKinney, *supra*, 311 F.3d at 1200. Plaintiff cannot be said to have exhausted his administrative remedies by submitting Form 1824.

### B. Did Plaintiff provide the notice required for his state tort claims?

Section 1983 does not provide a cause of action for violations of state law. *See* Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007); Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996); Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981). *See also* Draper v. Coombs, 792 F.2d 915, 921 (9th Cir. 1986); Weilburg v. Shapiro, 488 F.3d 1202, 1207 (9th Cir. 2007). Pursuant to 28 U.S.C. § 1367(a), however, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under § 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). This is true even after dismissal of the federal claims over which the district court had original jurisdiction. Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995). *See also* United Mine Workers of Amer. v. Gibbs, 383 U.S. 715, 726 (1966)(supplemental jurisdiction is a matter of discretion, not right).

"In determining whether to retain jurisdiction over plaintiff's state claims . . . the Court weighs 'factors such as economy, convenience, fairness, and comity.'" Levy v. Washington State Dept. of Corrections, 2009 WL 1107698 at 8 (W.D.Wash. April 23, 2009), *quoting* Brady, *supra*, 51 F.3d at 816. In Levy, as here, the district court dismissed the plaintiffs' federal claims for failure to exhaust administrative remedies in prison grievance proceedings. 2009 WL 1107698 at 8. Relying on Gibbs, *supra*, 383 U.S. at 726-727, the Levy court determined that, despite the common factual nucleus of the federal and state claims, the state claims were properly remanded to state court. Levy, *supra*, 2009 WL 1107698 at 8. Its reasoning is equally applicable here:

> First, dismissal [of state claims] is not inappropriate at this stage of the proceedings. *Gibbs*, 383 U.S. at 726 (if federal claims are dismissed before trial, even though they are not insubstantial in jurisdictional sense, state claims should be dismissed as well). Second, those claims now "substantially

9

predominate"–indeed, they now are the only claims remaining–and thus "may be dismissed without prejudice and left for resolution to state tribunals." *Id.* at 726-27.  Finally, because it cannot be said that the state claims here are "so closely tied to questions of federal policy that the argument for exercise" of supplemental jurisdiction "is particularly strong," such jurisdiction should not be exercised in this case. *Id.* at 727.

Levy, *supra*, 2009 WL 1107698 at 8.

In addition, because Judge Black has already considered the question of Plaintiff's compliance with the notice requirements of the California Tort Claims Act and prepared a Tentative Ruling in the course of hearing Defendants' demurrer in the state court case (*see* Exhibit 4 to Defendants' Notice of Removal of Action Under 28 U.S.C. § 1441(b)), fairness and economy would be best promoted by remanding the state claims to the state court.

## VI. Conclusion and Recommendation

As discussed above, Plaintiff failed to exhaust all available remedies concerning his claims, as required by 42 U.S.C. § 1997e(a).  Accordingly, the Court HEREBY RECOMMENDS dismissal of Plaintiff's federal claims, without prejudice, for failure to exhaust prior to filing suit. 42 U.S.C. § 1997e(a).  The undersigned further RECOMMENDS that the remaining state claims set forth in Plaintiff's complaint should be remanded to the state court.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 23, 2009**                    **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE